IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH KOJESZEWSKI AND
CORRINA KOJESZEWSKI,

    Plaintiffs,

        v.

INFINITY INSURANCE COMPANY d/b/a
LEADER INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO. 3:06-CV-1261

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant Infinity Insurance Company d/b/a Leader Insurance Company's Motion to Dismiss Counts III, IV and V of Plaintiffs Keith and Corrina Kojeszewski's Complaint. Defendant also moves to dismiss Infinity Insurance Company and Corrina Kojeszewski from this action as improper parties. For the reasons set forth below, Defendant's motion will be granted in part and denied in part. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.

## BACKGROUND

On November 14, 2005, Plaintiffs commenced this action by filing a Writ of Summons in the Luzerne County Court of Common Pleas. (Doc. 2-1 ¶ 1.) Defendant then filed a Rule Upon Plaintiffs to file a Complaint. (Doc. 2-1 ¶ 2.) Plaintiffs filed their Complaint on June 12, 2006 in the Luzerne County Court of Common Pleas. (Doc. 1-7.)

In their Complaint, Plaintiffs alleged the following facts. In March of 2003, Plaintiffs renewed an automobile insurance policy with Leader Insurance Company, a subsidiary of Infinity Insurance Company. (Doc. 1-7 ¶ 3.) In October of 2003, Plaintiff

Keith Kojeszewski purchased a motor vehicle, a 1986 Nissan 300ZX, from Bear Auto, an automobile dealership located in Allentown, Pennsylvania. (Doc. 1-7 ¶ 4.)  While at Bear Auto, Mr. Kojeszewski contacted a customer service representative at Leader Insurance Company and provided the necessary information so that the 1986 Nissan 300ZX could be added to Plaintiffs' existing automobile insurance policy. (Doc. 1-7 ¶ 5.)  On November 22, 2003, Mr. Kojeszewski was involved in a motor vehicle accident. (Doc. 1-7 ¶ 6.)  Mr. Kojeszewski reported this accident to Defendant in a timely fashion. (Doc. 1-7 ¶ 11.)  A field adjuster from Infinity Insurance Company denied Mr. Kojeszewski coverage. (Doc. 1-7 ¶ 12.)  On November 5, 2004, a Joinder Complaint was filed naming Mr. Kojeszewski as an Additional Defendant. (Doc. 1-7 ¶ 7.)  Defendant refused to indemnify Mr. Kojeszewski. (Doc. 1-7 ¶¶ 8, 15.)  Plaintiffs' had paid all premiums and satisfied all conditions required of them by their automobile insurance contract. (Doc. 1-7 ¶ 13.)

Plaintiffs' Complaint contained the following claims: Count I – breach of contract; Count II – breach of contract (reasonable expectations); Count III – negligence; Count IV – violation of the Pennsylvania Unfair Insurance Practices Act; and Count V – Bad Faith. (Doc. 1-7 pp. 3-9.)

On June 23, 2006, Defendant removed Plaintiffs' action to this Court based on diversity of citizenship and an amount in controversy in excess of $75,000. (Doc. 2-1 ¶ 4.)  Thereafter, on June 30, 2006, Defendant moved this Court to dismiss Counts III, IV and V of Plaintiffs' Complaint, as well as to dismiss Infinity Insurance Company and Plaintiff Corrina Kojeszewski from this action as improper parties. (Doc. 2-1.)  Defendant also filed a supporting brief. (Doc. 2-3.)  Plaintiffs failed to file a brief in opposition to Defendant's motion to dismiss.  Defendant's motion is now ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of

establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Defendant has moved to dismiss Counts III, IV and V of Plaintiffs' Complaint. Defendant first maintains that Plaintiffs' negligence claim (Count III) must be dismissed because Pennsylvania law does not provide a separate tort-law cause of action against an insurer for negligence. Second, Defendant asserts that the Pennsylvania Unfair Insurance Practices Act, 40 PA. CONS. STAT. ANN. §§ 1171.1-15, does not provide a private cause of action to redress violations of it, and, therefore, Count IV must be dismissed. Third, Defendant contends that Plaintiffs' statutory bad faith claim (Count V), brought under 42 PA. CONS. STAT. ANN. § 8371, must be dismissed because Plaintiffs have failed to allege that Defendant acted with the wrongful state of mind necessary to state a claim.

Defendant also seeks dismissal of Infinity Insurance Company and Corrina Kojeszewski from this action as improper parties. Defendant argues that Infinity Insurance Company must be dismissed because it is not a party to the insurance contract. Defendant also avers that Corrina Kojeszewski is an improper party to this action because only Keith Kojeszewski, and not Corrina Kojeszewski, was involved in the motor vehicle accident, joined as a third-party defendant, and denied liability coverage.

The Court agrees with Defendant as to the first three of its contentions. Consequently, the Court will dismiss Counts III, IV and V of Plaintiffs' Complaint. At this early stage in the proceedings, the Court will deny Defendant's motion to dismiss Infinity Insurance Company and Corrina Kojeszewski as improper parties.

**I. Count III – Negligence Claim**

The Court will grant Defendant's motion to dismiss Plaintiffs' negligence claim (Count III). "[A] contract action may not be converted into a tort action simply by alleging that the conduct in question was done [negligently]." *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.*, 663 A.2d 753, 757 (Pa. Super. 1995). Indeed, under Pennsylvania's "gist of the action doctrine," a plaintiff is precluded "from re-casting ordinary breach of contract claims into tort claims. . . . Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *Etoll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002). "It is a fundamental rule of tort law that a negligence claim must fail if it is based on circumstances for which the law imposes no duty of care on the defendant." *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037, 1040 (Pa. Super. 1987).

Here, in order to bring a negligence claim against Defendant, Plaintiffs must assert that Defendant owed them some duty imposed by law as a matter of social policy. However, insurers do not have a general affirmative social duty to provide insurance coverage to members of the public. Thus, any duty breached by Defendant must arise out of the insurance contract between it and Plaintiffs. As such, Plaintiffs' "proper redress belongs in contract, not in tort pursuant to the gist of the action doctrine." *Harbor Hosp. Servs. v. Gem Laundry Servs., L.L.C.*, No. 4830, 2001 WL 1808556, *4 (Pa. Com. Pl. July 18, 2001). Accordingly, the Court will grant Defendant's motion to dismiss Plaintiffs' negligence claim (Count III).

**II. Count IV – Unfair Insurance Practices Act Claim**

The Court will grant Defendant's motion to dismiss Plaintiffs' claim brought pursuant to the Pennsylvania Unfair Insurance Practices Act ("UIPA"), 40 PA. CONS. STAT. ANN. §§ 1171.1-15, (Count IV). It is well established that alleged violations of the UIPA may only be enforced by the State Insurance Commissioner, and not by way of a private cause of action. *Romano v. State Farm Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. 1994); *Siedman v. Minn. Mut. Life Ins. Co.*, 40 F. Supp. 2d 590 (E.D. Pa. 1997). Consequently, Plaintiffs cannot maintain an action under the UIPA. The Court will therefore grant Defendant's motion to dismiss Count IV of Plaintiffs' Complaint.

**III. Count V – Statutory Bad Faith Claim**

Defendant's motion to dismiss Plaintiffs' statutory bad faith claim will be granted. Under Pennsylvania law, in order to state a claim against an insurer for bad faith under 42 PA. CONS. STAT. ANN. § 8371, a plaintiff must allege and set forth information indicating that the insurer (1) did not have a reasonable basis for its actions and (2) knew or recklessly disregarded its lack of a reasonable basis for its actions. *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994) (citing *Am. Franklin Life Ins. Co. v. Galati*, 776 F. Supp. 1054, 1064 (E.D. Pa. 1991)).

Here, Plaintiffs fail to aver that Defendant possessed the requisite wrongful state of mind – i.e., that Defendant knew or recklessly disregarded the lack of a reasonable basis for denying liability coverage. As such, Plaintiffs have failed to state a claim for the bad faith denial of insurance coverage under 42 PA. CONS. STAT. ANN. § 8371. *See Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Pa. Super. 2000). Accordingly, the Court will grant Defendant's motion to dismiss Count V of Plaintiffs' Complaint.

**IV. Infinity Insurance Company and Corrina Kojeszewski**

The Court will deny Defendant's motion to the extent that it seeks to dismiss Infinity Insurance Company and Corrina Kojeszewski as improper parties.  The Court observes that Plaintiffs allege that a field adjuster for Infinity Insurance Company denied Keith Kojeszewski's claim for collision and liability coverage.  The Court also notes that Plaintiffs' Complaint avers that "Plaintiffs" held an automobile insurance policy and had paid all premiums and satisfied all conditions required of this policy.  These factual allegations imply that both Infinity Insurance Company and Corrina Kojeszewski were parties to the automobile insurance contract.  As such, dismissal of Infinity Insurance Company and Corrina Kojeszewski as to Plaintiffs' remaining breach of contract claims (Counts I and II) is inappropriate.

## CONCLUSION

For the reasons stated above, the Court will grant Defendant's motion to dismiss Counts III, IV and V of Plaintiffs' Complaint.  The Court will deny Defendant's motion insofar as it seeks dismissal of Infinity Insurance Company and Corrina Kojeszewski from this action as improper parties.

An appropriate Order will follow.


  October 31, 2006                                        s/ A. Richard Caputo
Date                                                                  A. Richard Caputo
                                                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEITH KOJESZEWSKI AND<br>CORRINA KOJESZEWSKI,<br><br>    Plaintiff,<br><br>        v.<br><br>INFINITY INSURANCE COMPANY d/b/a<br>LEADER INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION NO. 3:06-CV-1261<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   31st   day of October, 2006, **IT IS HEREBY ORDERED** that:

(1) Defendant Infinity Insurance Company d/b/a Leader Insurance Company's Motion to Dismiss (Doc. 2-1) Counts III, IV and V of Plaintiffs Keith Kojeszewski and Corrina Kojeszewski's Complaint is **GRANTED**.

(2) To the extent that Defendant Infinity Insurance Company d/b/a Leader Insurance Company moves to dismiss Infinity Insurance Company and Corrina Kojeszewski from the above-captioned matter as improper parties, Defendant's motion is **DENIED**.

s/ A. Richard Caputo<br>
A. Richard Caputo<br>
United States District Judge